

STEVEN BANKS
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

JESSICA OCHOA
*Senior Counsel*
phone: (212) 356-3159
jochoa@law.nyc.gov

March 13, 2026

<u>**VIA E.C.F.**</u>
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

   Re: <u>Luci v. the City of New York, et al.</u>
     25-CV-6461 (FB) (RML)

Your Honor:

  I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing the City of New York in the above captioned matter. I write to request a premotion conference in anticipation of Defendant City of New York's Motion to Dismiss. For the reasons set forth below, Defendant City submits that it has a good faith basis to move to dismiss each of the claims in Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).

  By way of background, on November 21, 2025, Plaintiff filed the instant matter alleging, inter alia, First Amendment violations, due process, equal protection, municipal liability, and various state law claims. Plaintiff's claims arise from a April 24, 2025 protest of which she was a bystander. Plaintiff alleges that NYPD failed to adequately protect her from other protestors due to discrimination based on perceived viewpoint affiliation. *See generally,* ECF No. 1.

  *A. First Amendment Right to Free Speech*

  "The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804, 139 S. Ct. 1921, 204 L. Ed. 2d 405 (2019). "A private citizen asserting a First Amendment claim against a public official must establish that: '(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury'." *Hoefer v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown*, No. 10 Civ. 3244 (ER), 2017 U.S. Dist. LEXIS 86722, 2017 WL 2462660, at *4 (S.D.N.Y. June 6, 2017) (quoting *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013)).

Here, Plaintiff fails as to the second and third factors. Firstly, by Plaintiff's own admission, she was not exercising her right to free speech. Plaintiff's Complaint makes clear that she was not protesting and was not exercising her right to free speech beyond leaving her home to "see what was going on." *See* Pla. Compl. ¶ 24 ("... Ms. Luci did not go to the scene to protest"). As such, Plaintiff fails to allege that she was exercising her right to free speech and that the defendants' actions were motivated or caused by that exercise. Further, Plaintiff cannot and has not alleged that the defendants' actions caused her some injury. In fact, it is clear by the Complaint that Plaintiff was allegedly injured by protestors and not any of the defendants. Plaintiff's chief complaint seems to be alleged <u>inaction</u> by the defendants, but this does not suffice for a First Amendment claim.[1] *See Gong v. Sarnoff,* No. 23-CV-0343 (LJL), 2024 U.S. Dist. LEXIS 137633, at *23 (S.D.N.Y. Aug. 1, 2024) ("The test for First Amendment retaliation is phrased in terms of 'action' and not 'inaction'.") In light of the above, Plaintiff's First Amendment claim should be dismissed.

### B.  *Due Process Right to Be Free From Unjustified Intrusion of Personal Security*

Plaintiff bases all her claims on alleged inaction by police officers, namely, that they failed to protect her against an attack by private actors. *See generally,* ECF No. 1. It is well settled that the allegation that a police officer refused to take police action is not a cognizable constitutional violation. *See Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). "The Supreme Court observed that 'nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors'." *Id.* (citing *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 195 (1989)). "As a result, the Court held that the Clause 'generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual'." *Id.*

Even if Plaintiff's claim was cognizable, Plaintiff has failed to allege "that the officers' behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience'." *Id.* (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 848 n.8 (1998)). Here, Plaintiff does nothing more than state that she was attacked by protestors and that the officers did not stop them. *See generally,* ECF No. 1. This is insufficient and as such her claim of due process should be dismissed.

### C.  *Equal Protection*

Plaintiff's Equal Protection claim should be dismissed or withdrawn because Plaintiff conclusory alleges that she is suing for discrimination because of defendants' alleged "training and practice of policing Pro-Palestine protests in an unsafe, unconstitutional and detreminetal manner". *See* Pla. Compl. ¶ 81. Firstly, as explained above, Plaintiff was not participating in the protest at issue and as such there was no constutional violation. Secondly, assuming, *arguendo,* that there was a constitutional violation, beyond the allegation that there is an alleged practice of policing in

---

[1] Importantly, Plaintiff's complaint alleges that an officer did help her leave the alleged mob attacking her. *See* Pla. Compl. ¶ 35.

a certain manner, Plaintiff provides nothing further in support of her Equal Protection claim.  Due to the lack of well-pleaded facts,  Plaintiff has failed to state an equal protection claim.

### D.  Monell Claim

Plaintiff's *Monell* claim depends on the viability of her § 1983 federal claims. *See Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022) (" [A] *Monell* claim cannot succeed without an independent constitutional violation."); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("[A]  plaintiff  alleging  a § 1983. . .claim  must  prove an  actual  violation  of constitutional rights."). Because Plaintiff's First Amendment, due process, and equal protection claims fail for the reasons stated above, it is also correct to reject her municipal liability claim.

### E.  Various State Law Claims

#### i.  <u>Negligence</u>

Importantly, Plaintiff claims that the Defendants deliberately failed to act. As such, Plaintiff is claiming that defendants intentionally ignored her need for assistance.  However, negligence claims cannot be premised on acts that are alleged to have been intentional. Courts view  allegations  of  intentional  conduct,  such  as  plaintiff  alleges  here,  as  precluding a negligence claim. *Herbert v. Sanfeliz,* No. 22-CV-4299, 2025 US. Dist. LEXIS 54182, at * 15 (S.D.N.Y. Mar. 21, 2025) (*citing Onfroy v. Law Offs. of Geoffrey T. Mott, P.C.,* 751 F. Supp. 3d 195, 205 (E.D.N.Y. Sept. 30, 2024) (dismissing negligence claims "[g]iven that they rely on intentional conduct"); *see also RDK NY Inc. v. City of New York*, No. 21-CV-1529, 2024 U.S. Dist. LEXIS  176219,  at  *7  (E.D.N.Y.  Sept.  28,  2024) (dismissing negligence claims  premised  on intentional acts), and  *Bah v. City of New York*, No. 13-CV-6690, 2014 U.S. Dist. LEXIS 60856, at *13 (S.D.N.Y. May 1, 2014) ("[A] claim of negligence may be dismissed" where "the conduct alleged,  if  true,  may  only  give  rise  to  liability  for  an  intentional  act.").  In  light  of  the  above, Plaintiff's claim of negligence should be dismissed as it is predicated on alleged intentional acts (or inaction) by the defendants.

#### ii. <u>Violation of State Constutional Rights and Respondeat Superior</u>

"To state [a] claim for respondeat superior, a plaintiff must plead facts showing, among other things, that the tortious conduct causing the injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014).  Here, Plaintiff alleges no tortious conduct that would give rise to a claim of respondeat superior.  Once again, Plaintiff's claims rely on alleged inaction by the defendants and as such, is insufficient as an allegation of a tort.   Plaintiff's claim of *respondeant superior* should be dismissed.

Finally, the Court should decline to retain jurisdiction to any remaining state law claims.

Accordingly, for the reasons stated herein, Defendant respectfully requests leave to file a Motion to Dismiss, a corresponding briefing schedule, and a motion for a stay of discovery while motion practice is ongoing.

Thank you for your attention to this matter.

Respectfully submitted,

_____/s/ *Jessica M. Ochoa*_____

Jessica Ochoa
*Senior Counsel*

cc:   **By ECF**
Leo Glickman, Esq.
*Attorney for Plaintiff*

4